IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BISHOP FRANK,  
an individual,

        Plaintiff,

   v.

NANCY A. BERRYHILL,  
Acting Commissioner of Social Security,

        Defendant.

No. 3:16-CV-02350-HZ

OPINION & ORDER

Bruce W. Brewer  
Law Offices of Bruce W. Brewer, PC  
PO Box 421  
West Linn, OR 97068

    Attorney for Plaintiff

Billy J. Williams  
United States Attorney, District of Oregon  
Renata Gowie  
Assistant United States Attorney  
1000 SW Third Avenue, Suite 600  
Portland, OR 97204-2902

/ / /

Jordan D. Goddard
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Ste. 2900 M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

HERNANDEZ, District Judge:

Plaintiff Bishop Frank brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). I reverse the Commissioner's decision and remand for benefits.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB on May 13, 2011, alleging an onset date of November 30, 2008. Tr. 138, 324–32. His application was denied initially and on reconsideration. Tr. 114–23, 157–60 (Initial); Tr. 124–34, 162–64 (Reconsideration).

On September 5, 2013, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 138. On February 27, 2008, the ALJ found Plaintiff not disabled. Tr. 135–46. Upon review, the Appeals Council remanded the case back to the ALJ and required that the ALJ address specific issues. Tr. 151–54.

Upon remand, the ALJ conducted two additional hearings at which Plaintiff appeared with counsel. Tr. 50–66 (Nov. 17, 2015 hearing); Tr. 36–49 (Apr. 20, 2016 hearing). On June 1, 2016, the ALJ found Plaintiff not disabled. Tr. 14–30. The Appeals Council denied review. Tr. 1-4.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on leg injuries, a fused right heel, shoulder pain, and head injury. Tr. 367, 398. At the time of the most recent hearing, he was fifty-seven years old.

Tr. 326. He has an eleventh-grade education and past relevant work experience as a siding installer and union laborer. Tr. 28, 78.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(a).

Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether plaintiff's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yucker*t, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date through his date of last insured. Tr. 20. Next, at steps two and three, the ALJ determined that Plaintiff has severe impairments of osteoporosis, status post calcaneus fracture repair, and left shoulder injury, but that the impairments did not meet or equal, either singly or in combination, a listed impairment. Tr. 20–22.

At step four, the ALJ concluded that Plaintiff has the RFC to lift, push, and pull 20 pounds frequently and 50 pounds occasionally, carry 20 pounds occasionally and none frequently, sit 2 hours at a time up to 8 hours total in an 8 hour work day, stand 1 hour at a time up to 3 hours total in an 8 hour work day, and walk 10 minutes at a time up to 1 hour total in an 8 hour work day. Tr. 22. The ALJ determined that Plaintiff can occasionally reach at full extension with the left upper extremity, frequently reach otherwise with the left upper extremity, and frequently handle, finger, and feel with the left upper extremity. *Id.* The ALJ also noted that Plaintiff should only occasionally climb ramps, have exposure to moving mechanical parts,

humidity and wetness, extreme heat, and vibration. *Id.* The ALJ found that Plaintiff should not operate foot controls, climb stairs, ladders, ropes, or scaffolds, and have no exposure to unprotected heights. *Id.* With this RFC, the ALJ determined that Plaintiff is unable to perform any of his past relevant work. Tr. 28. However, at step five, the ALJ determined that Plaintiff is able to perform jobs that exist in significant numbers in the economy, such as parking lot cashier, office helper, and document clerk. Tr. 29. Thus, the ALJ determined that Plaintiff is not disabled. Tr. 30.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

## DISCUSSION

Plaintiff contends that the ALJ made two errors. First, Plaintiff argues that the ALJ erred in assessing Plaintiff's credibility, and by rejecting Plaintiff's statements and testimony about his

impairments and their limiting effects. Pl. Br. at 6, ECF 17. Second, Plaintiff argues that the ALJ erred at step three by not finding that Plaintiff's inability to ambulate correctly constituted a listed impairment. *Id.* at 14. Because the Court agrees with Plaintiff's argument regarding step three, the Court will not discuss Plaintiff's argument related to credibility.

**I.     Step Three Analysis**

In order to meet a listed impairment, the claimant's impairment must satisfy all of the components of the listing. *Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013). At issue in the ALJ's step three analysis is whether Plaintiff meets Listing 1.03: "reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." 20 C.F.R. § Pt. 404, Subpt. P, App'x. 1, § 1.03. The ALJ's decision turns on Plaintiff's ability or inability to ambulate. Tr. 22. The definition of the inability to ambulate effectively in § 1.00B2b provides, in relevant part, that a qualifying example is the "inability to walk a block at a reasonable pace on rough or uneven surfaces[.]" *Id.* at § 1.00B2b(2).

The ALJ discussed that the claimant exhibited difficulty walking, having to use a cane and favoring his right foot. Tr. 22. The ALJ also noted that the Plaintiff continued to shop in stores with his wife, with the use of medical devices such as a cane, brace, or splint. *Id.* The ALJ also discussed the opinion of consultative medical examiner John H. Ellison, M.D., regarding Plaintiff's ability to ambulate. *Id.* The ALJ noted that while the consultative examiner had checked a box indicating that Plaintiff was not able to walk a block at a reasonable pace on "rough or uneven surfaces" and later clarified that he thought walking on an uneven surface would be more difficult than walking on pavement, the ALJ did not believe that the examiner

intended to opine that the Plaintiff could not ambulate effectively within the definition of § 1.00B2b(2). *Id.* As a result, the ALJ determined that the Plaintiff did not meet the definition of Listing 1.03. *Id.*

Plaintiff argues that the ALJ erred by not offering sufficient reasoning to disregard Dr. Ellison's opinion. Pl. Br. at 14. Plaintiff argues that the ALJ's reasoning was not specific and legitimate, nor clear and convincing. *Id.*[1] Plaintiff argues that there is no rational reason why Dr. Ellison's opinion, that walking on uneven ground would be more difficult than on flat pavement, would undermine Dr. Ellison's opinion that Plaintiff cannot walk a block at a reasonable pace on rough or uneven surfaces. *Id.* at 15. Plaintiff goes on to argue that the fact Plaintiff has greater difficulty walking on uneven surfaces than on pavement in no way conflicts with his inability to walk at a reasonable pace on rough or uneven surfaces. *Id.*

Defendant argues that the ALJ gave valid reasons for discounting the part of Dr. Ellison's opinion that concerned Plaintiff's ability to ambulate on uneven surfaces. Def. Br. at 10, 11, ECF 20. Defendant states that the ALJ may discount opinions that are "conclusory, brief, and unsupported by the record as a whole or by objective medical findings." *Batson v. Comm'r of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004); Def. Br. at 11. Defendant argues that the ALJ reasonably discounted Dr. Ellison's opinion because Dr. Ellison did not provide an adequate explanation for the basis of his opinion, and this inadequacy led the ALJ to doubt that Dr. Ellison intended to opine that Plaintiff could not ambulate effectively as contemplated by the regulations. *Id.* at 11, 12.

---

[1] "'To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence.'" *Ryan v. Comm'r*, 528 F.3d 1194, 1198 (9th Cir. 2008) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)) (brackets in *Ryan*). "'If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.'" *Id.* (quoting *Bayliss*, 427 F.3d at 1216). Neither party makes any significant argument as to which standard should be applied in this case. The Court need not contemplate the issue as it finds the ALJ's reasoning is inadequate under either standard.

It is important to note the relevant portions of Dr. Ellison's findings. Dr. Ellison conducted a consultative examination of Plaintiff on April 27, 2013. Tr. 627. Dr. Ellison's consultative examination consisted of a review of Plaintiff's medical records and a physical examination. Tr. 627–29. At the physical examination Dr. Ellison noted that Plaintiff can stand for about 45 minutes but can walk only about a block before having to stop because of pain in the right foot. *Id.* He noted that Plaintiff both used and needed a cane. Tr. 628. In a document created for the Social Security Administration, at the time of the examination, titled "Medical Source Statement of Ability to do Work-Related Activities (Physical)" Dr. Ellison noted that Plaintiff required the use of a cane to ambulate and that it was medically necessary. Tr. 631. Additionally, in a chart which specifically asks "[c]an the individual walk a block at a reasonable pace on rough or uneven surfaces?" Dr. Ellison marked "no." Tr. 635.

The Appeals Council directed the ALJ to seek clarification from Dr. Ellison. Tr. 151–54. The ALJ asked Dr. Ellison to elaborate on his opinion, and Dr. Ellison responded in a document titled "Medical Interrogatory Physical Impairment(s)-Adults" on December 31, 2015. Tr. 776–78. In addition to a short summary of his observations from the consultative examination, Dr. Ellison stated:

> I thought from my observation that he could not be on his feet for more than an hour at a time and could not walk for more than 10 minutes at the very most. I thought walking on uneven ground would be much harder than on pavement. I observed his gait down a hallway: he limped favoring the right foot and held a cane.

Tr. 777.

The ALJ, based on Dr. Ellison's December 15, 2015 response, concluded that Dr. Ellison never intended his original opinion about Plaintiff's inability to ambulate. Tr. 22. The Court disagrees with the ALJ's determination. Nothing in Dr. Ellison's response indicates a retreat

from his original opinion that Plaintiff could not walk a block at a reasonable pace on rough or uneven surfaces. The phrasing of the original question is an almost exact mirror of the regulatory language, and is a specific example in the regulatory text of an inability to ambulate effectively. *See* 20 C.F.R. § Pt. 404, Subpt. P, App'x. 1, §§ 1.03, 1.00B2b(2). When the ALJ asked him to clarify his opinion, rather than modify or disclaim the opinion expressed in the chart, Dr. Ellison elaborated and provided his observations supporting his opinion. Though the ALJ cites to Plaintiff's ability to continue certain daily household activities, this is not evidence that conflicts with Plaintiff's inability to ambulate. Tr. 22. The ALJ does not explain why she believes that Dr. Ellison's opinion that walking on an uneven surface would be harder than walking on pavement contravenes or conflicts with his prior opinion about Plaintiff's ability to ambulate. There is no plausible interpretation of the record that indicates Dr. Ellison did not intend to opine that Plaintiff could not ambulate as contemplated by the regulations.

Defendant makes several arguments about the ALJ's reasoning in rejecting Dr. Ellison's opinion. Def. Br. at 9–13. Plaintiff properly notes that these post-hoc justifications cannot be considered by the Court. The district court may not make its own independent findings, and is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (court cannot affirm the agency on a ground not invoked by the ALJ without violating the *Chenery* rule) (citing *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (stating that a reviewing court may only affirm agency action on "the grounds invoked by the agency").

There is not more than one rational interpretation of the evidence. Thus, the ALJ's finding is not supported by substantial evidence in the record. The ALJ did not provide clear and convincing or specific and legitimate reasons for disregarding the medical opinion of the

consultative examiner. Accordingly, the Court finds that the ALJ erred in rejecting Dr. Ellison's opinion that Plaintiff was unable to walk a block at a reasonable pace on a rough or uneven surface.

## II. Credit-as-true Rule

In social security cases, remands may be for additional proceedings or for an award of benefits. *E.g., Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (explaining that if "additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded[,]" but "in appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits") (internal quotation marks omitted).

To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. *Id.* at 1020; *see also Treichler v. Comm'r*, 775 F.3d 1090, 1100 (2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Garrison*, 759 F.3d at 1020. Second, the record must be fully developed and further administrative proceedings would serve no useful purpose. *Id*. Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled. *Id.* To remand for an award of benefits, each part must be satisfied. *Id.*; *see also Treichler*, 775 F.3d at 1101 (when all three elements are met, "a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule" of remanding to the agency). The "ordinary remand rule" is "the proper course" except in rare circumstances. *Treichler*, 775 F.3d at 1101.

/ / /

/ / /

Plaintiff requests remand generally in his opening brief (Pl. Br. at 15), and remand for an award of benefits in his reply. Pl. Reply at 13, ECF 21. Defendant requests either affirmation of the ALJ's findings or remand for adequate explanation. Def. Br. at 13.

In this case remand for benefits is appropriate. First, the Court has already explained above that the ALJ has failed to provide legally sufficient reasons for rejecting Dr. Ellison's medical opinion. The record has already been sufficiently developed on the issue at hand. The question contemplated by the Court is a narrow one, and Dr. Ellison has already provided additional reasoning for his medical opinion. Tr. 777. There have already been multiple hearings before the ALJ in this case, covering testimony related to all five steps. Tr. 37–113. The Appeals Council has already sent the issue back to the ALJ once for additional clarification. Tr. 151–54. Further inquiry would not serve any purpose. Third, the improperly discredited evidence is such that, if credited as true, the ALJ would be required to find the claimant disabled. The only issue in dispute regarding Listing 1.03 is Plaintiff's ability to ambulate effectively. He meets all other elements. Crediting as true Dr. Ellison's opinion that Plaintiff cannot walk a block at a reasonable pace on an uneven surface shows an inability to ambulate under the regulatory language of 1.00B2b, and meets Listing 1.03. Meeting the Listing establishes disability at step three. As such, all three steps of the credit-as-true test have been met.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CONCLUSION

The Commissioner's determination is reversed and remanded for the payment of benefits.

IT IS SO ORDERED.

Dated this \_\_5\_\_ day of April, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge